Filed 8/18/15  P. v. Villegas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>GABRIEL VILLEGAS,<br><br>     Defendant and Appellant. | F067429<br><br>(Super. Ct. No. DF010724A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Poochigian, J. and Smith, J.

A jury convicted appellant Gabriel Villegas of assault with a deadly weapon by an inmate (count 2/Pen. Code, § 4501, subd. (a)),[1] and possession of a deadly weapon by an inmate (count 3/§ 4502, subd. (a)). In a separate proceeding, the court found true a serious felony enhancement (§ 667, subd. (a)(1)), five prior prison term enhancements (§ 667.5, subd. (b)), and allegations that Villegas had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On July 22, 2011, at approximately 11:00 a.m. Correctional Officer Alberto Jimenez was helping release prisoners into the yard when he heard someone say over the public address system, "Get down. Get down[.]" Jimenez looked out to the yard and saw Correctional Officer Ernest Sanchez standing by the front gate yelling at inmates to get down. Jimenez went to the gate and saw Villegas in the yard on top of inmate Arthur Eskins. Eskins was on his knees covering his head and face with his arms and hands as Villegas appeared to stab him with something that he held in his hands. Pursuant to prison protocol, Jimenez and Sanchez waited for at least one additional officer before responding to the location where the assault was occurring. During the approximately two minutes it took for another officer to respond, Villegas continued stabbing inmate Eskins. When the officers were about 15-feet away from the location of the assault, Villegas threw something away and got on the ground in a prone position. Villegas did not resist when he was restrained.

Correctional Lieutenant Ronald Lemons also responded to the location of the assault. He recovered an inmate-manufactured weapon from the ground near the victim.

---

**1** All further statutory references are to the Penal Code.

The weapon was known as a "tomahawk" in prison parlance and it consisted of the handle from a state issued razor and two razor blades attached to it with elastic.

Eskins was removed from the yard on a gurney and treated for shock, scratches and superficial cuts.

On April 23, 2012, the district attorney filed an information charging Villegas with premeditated attempted murder (count 1/§§ 664 & 187, subd. (a)), assault with a deadly weapon by an inmate (count 2/§ 4501, subd. (a)), and unlawful possession of a weapon by an inmate (count 3/§ 4502, subd. (a)). Counts 1 and 2 also alleged a personal use of a deadly weapon enhancement (§ 12022, subd. (b)(1)) and a great bodily injury enhancement (§ 12022.7, subd. (a)). The information also alleged a serious felony enhancement (§ 667, subd. (a)(1)), six prior prison term enhancements (§667.5, subd. (b)), and that Villegas had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On March 27, 2013, a jury found Villegas guilty on counts 2 and 3.

On March 28, 2013, the prosecutor dismissed one prior prison term enhancement and the court found true the five remaining prior prison term enhancements, the serious felony enhancement, and the allegations that Villegas had a prior conviction within the meaning of the three strikes law.

On April 30, 2013, the court denied Villegas's *Romero*[2] motion and sentenced him to an aggregate term of 22 years: the aggravated term of six years on his assault conviction, doubled to 12 years because of Villegas's prior strike conviction, a five-year serious felony enhancement, five one-year prior prison term enhancements, and a stayed, eight-year term on his possession of a weapon conviction.

Villegas's appellate counsel filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the

---

[2] *People v. Superior Court Romero* (1996) 13 Cal.4th 497.

record.  (*Wende, supra,* 25 Cal.3d 436.)  Villegas has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.

4.